UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FRANCISCO DE DIOS DE LOS SANTOS and LUIS VICTORIANO DE JESUS,

                Plaintiffs,

-against-

SHREE LAXMI RESTAURANT, INC. d/b/a
SWAGAT RESTAURANT, ABISHEK SHARMA,
and LALA R. SHARMA,

                Defendants.
------------------------------------------------------------X

Case No: 22-cv-10774

**COMPLAINT**

The Plaintiffs, by their attorneys, state and allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs Franciso de Dios de los Santos and Luis Victoriano de Jesus bring this action against Shree Laxmi Restaurant, Inc. d/b/a Swagat Restaurant, ("Swagat"), Abishek Sharma, and Lala R. Sharma for egregious violations of Federal and New York State labor laws, including failure to pay minimum wage and overtime pay, failure to pay spread of hours compensation, and making unlawful deductions.

2. Plaintiffs worked at Swagat, located at 411A Amsterdam Avenue, New York, NY, for varying time periods between approximately March 2014 and the present.

3. Throughout Plaintiffs' employment at Swagat, Defendants paid Plaintiffs weekly salaries that were the equivalent of an hourly rate of between approximately $3.35 and $6.88, far below the required minimum wage under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). In addition, Defendants failed to pay any overtime premiums or spread of hours compensation, and required Plaintiffs to purchase and maintain expensive

1

equipment necessary to perform their work. Defendants also failed to provide Plaintiffs with a written notice at the time of hire with certain required information about their employment, and failed to provide pay statements at the time they paid Plaintiffs their wages.

4. Defendants Lala R. Sharma and Abishek Sharma, father and son, jointly owned and operated Swagat Restaurant throughout Plaintiffs' employment at Swagat Restaurant, and are responsible for the legal violations suffered by Plaintiffs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in this district.

## THE PARTIES

### Plaintiffs

8. Plaintiff Francisco de Dios de los Santos ("Plaintiff Santos") has been employed at Swagat Restaurant from approximately March 2014 to the present.

9. Plaintiff Luis Victoriano de Jesus ("Plaintiff Jesus") has been employed at Swagat Restaurant from approximately May 2018 to the present.

### Defendants

Shree Laxmi Restaurant Inc.

10. Defendant Shree Laxmi Restaurant Inc. is a corporation organized under the laws of the State of New York with a principal office located at 411A Amsterdam Ave., New York, NY 10024.

11. Shree Laxmi Restaurant Inc. owned and operated Swagat restaurant, located at 411A Amsterdam Ave., during at least the time period of March 2014 to the date of this Complaint.

12. At all times Plaintiffs worked for Swagat, it was owned and operated by Shree Laxmi Restaurant Inc.

13. At all times Plaintiffs worked at Swagat, Shree Laxmi Restaurant Inc. was a privately held corporation, incorporated on or about November 2, 2010.

14. At all times Plaintiffs worked at Swagat, the business was engaged in the sale of food for consumption within its premises and was a "restaurant" within the meaning of 12 NYCRR § 146-3.1.

15. At all times Plaintiffs worked at Swagat, Swagat had more than 10 employees and was a "large employer" within the meaning of NYLL § 652.

16. Upon information and belief, throughout the period Plaintiff worked at Swagat, Shree Laxmi Restaurant, Inc. was an enterprise engaged in interstate commerce within the meaning of the FLSA in that it:

   a. had employees engaged in commerce or in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce by any person, including but not limited to spices and other supplies that come from foreign countries, including but not limited to India; and

   b. had an annual gross volume of sales of not less than $500,000.

17. At all times Plaintiffs worked at Swagat, Defendant Shree Laxmi Restaurant, Inc. was Plaintiffs' "employer" within the meaning of the FLSA and the NYLL.

Abishek Sharma

18.     Upon information and belief, Defendant Abishek Sharma owned fifty percent (50%) of the shares of Shree Laxmi Restaurant Inc. during at least the period of March 2014 to the date of this Complaint.

19.     Upon information and belief, Defendant Abishek Sharma was the President of Shree Laxmi Restaurant Inc. during at least the period of March 2014 to the date of this Complaint.

20.     Defendant Abishek Sharma hired both Plaintiffs to work for Shree Laxmi Restaurant Inc.

21.     Defendant Abishek Sharma paid Plaintiffs their wages when Defendant Lala Sharma was on vacation or otherwise not available to pay the Plaintiffs.

22.     Upon information and belief, throughout the period of at least March 2014 to the date of this Complaint, Defendant Abishek Sharma had the authority at Shree Laxmi Restaurant Inc. to hire and fire employees, maintain employment records, determine the amount of Plaintiffs' compensation, and assign work responsibilities.

23.     At all times Plaintiffs worked at Swagat, Defendant Abishek Sharma was Plaintiffs' "employer" within the meaning of the FLSA and the NYLL Law.

Lala R. Sharma

24.     Upon information and belief, Defendant Lala R. Sharma owned fifty percent (50%) of the shares of Shree Laxmi Restaurant Inc. during at least the period of March 2014 to the date of this Complaint.

25.     Upon information and belief, Defendant Lala R. Sharma was the Vice President of Shree Laxmi Restaurant Inc. during at least the period of March 2014 to the date of this Complaint.

26.     Defendant Lala R. Sharma determined the Plaintiffs' work schedules.

27.     Defendant Lala R. Sharma supervised the Plaintiffs when he was present in the restaurant.

28.     Defendant Lala R. Sharma normally paid the Plaintiff their wages.

29.     Defendant Lala R. Sharma maintained records concerning the wages that Swagat paid to the Plaintiffs.

30.     Upon information and belief, throughout the period of at least March 2014 to the date of this Complaint, Defendant Lala R. Sharma had the authority at Shree Laxmi Restaurant Inc. to hire and fire employees, maintain employment records, determine the amount of Plaintiffs' compensation, and assign work responsibilities.

31.     At all times Plaintiffs worked at Swagat, Defendant Lala R. Sharma was Plaintiffs' "employer" within the meaning of the FLSA and the NYLL.

## FACTS

### Working Conditions

32.     Plaintiff Santos' primary job duties throughout his employment at Swagat have included cleaning the restaurant, washing dishes, preparing food, and delivering food.

33.     Plaintiff Jesus' primary job duties throughout his employment at Swagat have included cleaning the restaurant, preparing food, and delivering food.

34.     Throughout the time they have worked for Swagat, both Plaintiffs have spent more than two hours per shift and more than twenty percent of their work hours per shift performing work for which they could not earn tips (e.g., cleaning, dishwashing or food prep).

35.     Throughout his employment at Swagat, Plaintiff Santos worked seven days per week every week, or almost every week.[1]

---

[1] Swagat was closed for approximately three months in the first half of 2017, so allegations concerning Plaintiff Santos' work exclude the period during which the restaurant was closed in 2017.

36. From the start of his employment until approximately April 2020, Plaintiff Santos had a work schedule pursuant to which he worked:

   a. Mondays from 10:00 or 10:30 AM to 11:30 PM, with a break from approximately 3:00 PM to 4:30 PM;

   b. Tuesdays from 10:00 or 10:30 AM to 11:30 PM, with a break from approximately 3:00 PM to 4:30 PM;

   c. Wednesdays from 4:30 PM to 11:30 PM;

   d. Thursdays from 10:00 or 10:30 AM to 11:30 PM, with a break from approximately 3:00 PM to 4:30 PM;

   e. Fridays from 10:00 or 10:30 AM to 11:30 PM, with a break from approximately 3:00 PM to 4:30 PM;

   f. Saturdays from 10:00 or 10:30 AM to 11:30 PM; and

   g. Sundays from 10:00 or 10:30 AM to 11:30 PM.

37. From the start of his employment until approximately April 2020, Plaintiff Santos had a work schedule pursuant to which he worked approximately 80.5 hours per week every week or almost every week.

38. From approximately April 2020 through the date of this Complaint, Plaintiff Santos had a work schedule pursuant to which he worked:

   a. Mondays from 10:00 or 10:30 AM to 10:30 PM, with a break from approximately 3:00 PM to 4:30 PM;

   b. Tuesdays from 10:00 or 10:30 AM to 10:30 PM, with a break from approximately 3:00 PM to 4:30 PM;

    c.  Wednesdays from 4:30 PM to 10:30 PM;

    d.  Thursdays from 10:00 or 10:30 AM to 10:30 PM, with a break from approximately 3:00 PM to 4:30 PM;

    e.  Fridays from 10:00 or 10:30 AM to 10:30 PM, with a break from approximately 3:00 PM to 4:30 PM;

    f.  Saturdays from 10:00 or 10:30 AM to 10:30 PM; and

    g.  Sundays from 10:00 or 10:30 AM to 10:30 PM.

39. From approximately April 2020 until the date of this Complaint, Plaintiff Santos had a work schedule pursuant to which he worked approximately 73.5 hours per week every week or almost every week.

40. Swagat paid Plaintiff Santos $270 per week in wages from the start of his employment until approximately the middle of 2018. From approximately the middle of 2018 until the middle of 2019 Swagat paid Plaintiff Santos $300 per week in wages. From approximately the middle of 2019 to the middle of 2021, Swagat paid Plaintiff Santos $325 per week in wages. From approximately the middle of 2021 until the date of this Complaint, Swagat paid Plaintiff Santos $350 per week in wages.

41. By way of example, for the week ending December 11, 2022, Plaintiff Santos worked the schedule set forth in Paragraph 38 above and was paid $350 in wages.

42. Throughout his employment at Swagat, Plaintiff Jesus has had a work schedule pursuant to which he worked:

    a.  Tuesdays from 10:30 AM to 10:00 PM;

    b.  Wednesdays from 10:30 AM to 10:00 PM;

    c.  Thursdays from 10:30 AM to 10:00 PM;

  d. Fridays from 10:30 AM to 10:00 PM;

  e. Saturdays from 10:30 AM to 10:00 PM; and

  f. Sundays from 10:30 AM to 10:00 PM.

43. Throughout his employment at Swagat, Plaintiff Jesus never received breaks that exceeded twenty minutes. On some days, including weekends, he did not receive any break time at all.

44. Throughout his employment at Swagat, Plaintiff Jesus had a work schedule pursuant to which he worked approximately 69 hours per week every week or almost every week

45. Swagat paid Plaintiff Jesus $350 per week in wages from the start of his employment until approximately April 2021. From approximately April 2021 until the date of this Complaint, Swagat paid Plaintiff Jesus $475 per week in wages.

46. By way of example, for the week ending December 11, 2022, Plaintiff Jesus worked the schedule set forth in Paragraph 42 and was paid wages of $475.

47. Given the number of hours worked and Plaintiffs' rates of pay, Plaintiffs' salaries were below the applicable New York State and Federal minimum wage for the entire employment period. The salary Defendants paid to Plaintiff Santos equated to an hourly rate of between approximately $3.35 and $4.76 per hour throughout his employment. The salary Defendants paid to Plaintiff Jesus equated to an hourly rate of between approximately $5.07 and $6.88 per hour throughout his employment.

48. Defendants never paid Plaintiffs overtime premiums during the entire employment period, even though Plaintiffs worked well over forty hours per week every week or virtually every week throughout their entire employment period.

49.     Defendants violated the legal requirement under the FLSA and NYLL to pay overtime during every week, or virtually every week, throughout the entirety of Plaintiffs' employment.

50.     Defendants never paid Plaintiffs spread of hours compensation during the entire employment period, even though Plaintiffs worked a spread of hours that exceeded ten hours per day almost every day of their employment.

51.     Defendants failed to provide Plaintiffs any notice, written or otherwise, at the time of payment or afterward, explaining the number of hours worked, gross wages, any deductions, and other information as required under NYLL § 195(3).

52.     Defendants failed to provide Plaintiffs any notice at the time of hiring, in writing in English and Plaintiffs' preferred language, containing the rate of pay and basis thereof, allowances claimed as part of the minimum wage, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, as required under NYLL § 195(1)(a).

53.     Defendants failed to provide Plaintiffs any notice, in writing or otherwise, of their intention to claim a tip credit or tip allowance.

54.     Throughout the course of employment, both Plaintiffs incurred significant expenses to purchase and maintain transportation equipment necessary to perform their deliveries. These expenses included electric and non-electric bikes, and the associated maintenance costs. The Defendants never reimbursed the Plaintiffs for these expenses.

55. The expenses incurred by the Plaintiffs further decreased their effective wages such that their effective hourly rates were even further below the applicable federal and state minimum wages.

### Willful Violations

56. Defendants were aware that their employment practices toward Plaintiffs were in violation of the FLSA and the NYLL.

57. Shree Laxmi Restaurant, Inc., Abishek Sharma and Lala R. Sharma were all sued in 2017 in the case of *Jaime Garcia Pacheco v. Shree Laxmi Restaurant Inc., et al.*, Case No. 1:17-cv-3165, in the U.S. District Court for the Southern District of New York ("Pacheco Litigation).

58. The employment practices alleged to have been unlawful in the Pacheco Litigation are similar to the unlawful practices alleged in this case, and Plaintiff brought claims for violations of the NYLL and FLSA minimum wage and overtime laws.

59. Shree Laxmi Restaurant, Inc., Abishek Sharma and Lala R. Sharma all were represented by legal counsel in the Pacheco Litigation.

60. The Defendants in the Pacheco Litigation agreed to settle the Pacheco case for $16,000 even though Plaintiff Pacheco only alleged to have worked at Swagat for an approximately five-month period.

61. Despite being sued for minimum wage and overtime violations in 2017 and having legal counsel at that time, the Defendants continued to employ the Plaintiffs and egregiously violate the minimum wage and overtime laws.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wage Under the Fair Labor Standards Act

62.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

63.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

64.     Defendants failed to pay Plaintiffs the minimum wage required by the Fair Labor Standards Act throughout Plaintiffs' employment at Swagat, in violation of 29 U.S.C. § 206.

65.     Defendants' failure to pay Plaintiffs the lawful minimum wage was willful.

66.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages Under the Fair Labor Standards Act

67.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

68.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

69.     Defendants failed to pay Plaintiffs overtime wages at rates at least one-and-a-half times the regular rate of pay and the lawful minimum wage, in violation of 29 U.S.C. § 207.

70.     Defendants' failure to pay Plaintiffs their lawful overtime wages was willful.

71. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages Under the New York Labor Law**

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

73. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

74. Throughout their employment at Swagat, Defendants failed to pay Plaintiffs at the applicable legal minimum hourly wage, in violation of New York Labor Law § 652.

75. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

### FOURTH CAUSE OF ACTION

**Overtime Wages Under the New York Labor Law**

76. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

77. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

78. Throughout Plaintiffs' employment at Swagat, Defendants failed to pay Plaintiffs overtime wages at rates at least one-and-a-half times the regular rate of pay, or one-and-a-half

times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the New York Labor Law and accompanying regulations.

79. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## FIFTH CAUSE OF ACTION

### Spread of Hours Under the New York Labor Law

80. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

81. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

82. Throughout Plaintiffs' employment at Swagat, Defendants failed to pay Plaintiffs an additional hour of pay at the minimum wage for each day Plaintiffs worked a spread of hours in excess of 10 hours per day.

83. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid spread of hours wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SIXTH CAUSE OF ACTION

### Unlawful Deductions Under the New York Labor Law

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

85. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

86.     Throughout Plaintiffs' employment at Swagat, Defendants required Plaintiffs to purchase and maintain equipment necessary to perform their work, including but not limited to a electric and non-electric bikes.  Defendants did not reimburse Plaintiffs for these expenses, in violation of 12 N.Y.C.R.R. § 146-2.7.

87.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unreimbursed expenses, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SEVENTH CAUSE OF ACTION

**Failure to Provide Notice at the Time of Hire Under the New York Labor Law**

88.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

89.     Defendants failed to provide Plaintiffs written notices at the time of hire in English and in the Plaintiffs' primary language with information such as rate of pay, the regular payday, and the name of the employer, among other information. Defendants' acts violated N.Y. Labor Law § 195(1)(a).

90.     Plaintiffs are each entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(1)(a), interest, reasonable attorneys' fees, and costs of the action.

## EIGHTH CAUSE OF ACTION

**Failure to Provide Pay Statements Under the New York Labor Law**

91.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

92.     Throughout Plaintiffs' employment at Swagat, Defendants failed to provide Plaintiffs with a written statement at the time wages were paid containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate(s) of pay and basis this of; gross wages; deductions; allowances, if any; net wages; regular hourly rate of pay; overtime rate of pay; number of regular hours worked; and number of overtime hours worked

93.     Defendants' acts violated N.Y. Labor Law § 195(3) throughout Plaintiffs' employment.

94.     Plaintiffs are each entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(3), interest, reasonable attorneys' fees, and costs of the action.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully requests that judgment be granted:

1.     Declaring that Defendants' conduct complained of herein is in violation of the federal and New York State labor laws;

2.     Awarding Plaintiffs unpaid minimum wages, overtime wages and spread of hours wages;

3.     Awarding Plaintiffs damages for unreimbursed expenses;

4.     Awarding Plaintiffs liquidated damages;

5.     Awarding Plaintiffs damages due to violations of NYLL §195 for failure to provide required notices and pay statements;

6.     Awarding Plaintiffs attorneys' fees and costs;

7.     Awarding Plaintiffs pre- and post-judgment interest;

8.     Awarding Plaintiffs any such further relief as may be just and proper.

Dated: Hawthorne, New York
December 21, 2022

        Respectfully submitted,

        */s/ Robert McCreanor*
        Robert D. McCreanor
        Law Office of Robert D. McCreanor, PLLC
        245 Saw Mill River Road
        Hawthorne, NY 10532
        (845) 202-1833 (tel.)
        rmccreanor@rdmclegal.com

        and

        David A. Colodny
        Catholic Migration Services
        47-01 Queens Blvd., Suite 203
        Sunnyside, NY  11104
        (347) 472-3500 ext. 1014 (tel.)
        (347) 472-3501 (fax)
        dcolodny@catholicmigration.org