USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2023

# GLANSTEIN LLP
Counselors at Law

Tel: (212) 370-5100
Fax: (212) 697-6299

October 4, 2023

<u>VIA ECF</u>

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court – Southern District of New York
500 Pearl Street – Courtroom 17D
New York, NY 10007

    Re: Request for Extension of Time To Address All Discovery Issues Raised by Plaintiffs
    In *De Los Santos et al. v. Shree Laxmi Restaurant, Inc. et al.*  Case No. 22-CV-10774
    <u>Our File No. 200-469(D)</u>

Dear Judge Parker:

    This firm is counsel to the Defendants in the above referenced matter. We write in regard to your order yesterday concerning Plaintiffs' pre-motion letter filed with the Court this past Monday morning concerning various discovery issues they assert remain unresolved.

    First, Defendants request clarification as to their date to respond which is listed in the court's order as Thursday October 6th however October 6th is this Friday. As the court's individual rules specify a response to a letter motion is due three (3) days after it is filed, we presume the correct reply date is October 5th unless advised otherwise.

    However, for good cause <u>Defendants also request an extension of time until Monday October 16th to file a comprehensive response</u> in order to first have an opportunity to further confer with Plaintiffs and attempt to resolve, or at least narrow the scope of, these latest disputes without court intervention. Plaintiffs' co-counsel David Colodny is unavailable until October 10th, so there is no opportunity for all counsel to confer again until sometime next week and the proposed response date is still more than two (2) weeks before the pre-motion and case management conference scheduled for November 1st. Earlier today I requested Plaintiffs' co-counsel Robert McCreanor's consent to an extension of time which he rejected.

    Defendants earlier today provided additional financial disclosures which are a subject of Plaintiffs' pre-motion letter, which Plaintiffs' counsel were notified last Thursday would be provided to them this week. If the remaining issues cannot be resolved among counsel, Defendants shall need to dispute a number of assertions raised as to both Plaintiffs' discovery

demands and Defendants' responses.  Defendants may also have demands for supplemental responses from Plaintiffs to certain discovery requests requiring a cross motion.

Further, Plaintiffs' counsel have now suggested twice (the first time being in Mr. Colodny's August 30th, 2023 Settlement Position letter to the court at FN.5) that they may seek evidence from me pertaining to my representation of Defendants in another FLSA case which concluded five (5) years ago.  This raises the possibility of my disqualification pursuant to Rule 3.7 of Part 1200 of the New York State Unified Court System's Rules of Professional Conduct, which the Second Circuit has held expressly applies to demands for evidence from trial counsel.  See *Murray v. Metropolitan Life Insurance Co., Inc.*, 583 F.3d 173, 179 (2nd Cir. 2009).

Plaintiffs' counsel in his pre-motion letter has mistakenly asserted that this particular dispute is grounded in a claim of attorney-client privilege over documents concerning that earlier representation, even though Defendants communicated otherwise last Thursday along with a new settlement offer to which no response has yet been received.  I also therefore require additional time to confer with Defendants about this new issue.

Sincerely,

/s/*David M. Glanstein*
David M. Glanstein

APPLICATION GRANTED.  The parties are directed to meet and confer in advance of October 16, 2023 in an effort to narrow the discovery disputes raised in Plaintiffs' letter motion at ECF No. 43.  Defendants' response to the letter motion is due on October 16, 2023.  In the event these disputes are resolved in advance of the conference currently scheduled for November 1, 2023, the parties shall write to the Court requesting that the conference be adjourned.

Counsel are reminded of their obligations under Federal Rule of Civil Procedure 1 to conduct discovery in a manner designed to secure the just, speedy and inexpensive resolution of this case.  They are further reminded that all discovery requests must not only be relevant to the claims and defenses but also proportional to the needs of the case.  Fed. R. Civ. P. 26(b)((1).  It is not clear from the parties' letters why information about counsel's involvement in a prior case satisfies Rule 26(b)(1).  The Court trusts the parties will keep in mind the foregoing in their meet and confers in advance of the conference.

**The clerk of the court is respectfully requested to terminate the motion for a conference at ECF No. 43, because a conference has been scheduled.**

SO ORDERED:

*Katharine H. Parker*   10/5/2023
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE