LAW OFFICE OF ROBERT D. McCREANOR, P.L.L.C.
245 SAW MILL RIVER ROAD
SUITE 106
HAWTHORNE, NY 10532
(845) 202 1833
www.rdmclegal.com

January 29, 2024

The Honorable United States Magistrate Judge Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Submitted Via ECF**

Re: *De Dios De Los Santos, et al. v. Shree Laxmi Restaurant, Inc*., et al. No 22-cv-10774

Dear Judge Parker,

  I, along with my co-counsel David Colodny, represent the Plaintiffs in this matter and submit this letter motion with the consent of counsel for all Defendants. As you may recall, the parties reached a settlement of their Fair Labor Standards Act (FLSA) and New York Labor Law claims during a settlement conference presided over by Your Honor on December 6, 2023. In accordance with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir 2015), the parties respectfully seek approval of the settlement agreement, attached hereto as Exhibit A.

**Brief Overview of the Case**

  The Plaintiffs worked at Defendants' restaurant, Swagat, for varying periods of time dating back to March 2014. The Plaintiffs' Complaint alleges that the Plaintiffs regularly worked schedules of as much as 70-80+ hours per week, and received wages that fell below the minimum wages set by the FLSA and New York Labor Law. The Plaintiffs' Complaint further alleges that the Plaintiffs did not receive overtime compensation, spread of hours pay, reimbursement for bike-related expenses, or wage notices and paystubs. The Defendants have denied all of Plaintiffs' claims. The discovery taken by the parties reveals that there are significant disputes as to the number of hours Plaintiffs worked, whether Defendants are entitled to the benefit of a tip credit, and whether Defendants will be able to establish an affirmative defense of good faith.

**The Settlement Agreement**

Your Honor presided over a Settlement Conference on December 6, 2023 that was attended by all parties and their respective counsel.[1] At the Settlement Conference, which lasted approximately three hours, the parties reached an agreement that was memorialized in a signed and binding term sheet. The parties subsequently drafted a fuller written settlement agreement that has now been executed by all parties and is submitted herewith. The agreement contains the same material terms that were included in the term sheet signed on December 6. Those include:

- Total Settlement Amount of $320,000 payable in four installments: (1) 60 days after court approval; (2) Jan. 31, 2025; (3) Jan. 31, 2026; and (4) Jan. 31, 2027.
- All Defendants to provide affidavits of confession of judgment at the time the agreement is executed
- Mutual General Release
- Upon breach, notice to Defendants and 30 day cure period
- Remedies for uncured breach are acceleration of all future payments, and reimbursement of attorneys' fees and costs incurred in enforcing the settlement
- No admission of liability
- No confidentiality
- Consent to the continuing jurisdiction of this Court for purposes of enforcement should that become necessary. The Court's continuing jurisdiction is also reflected in the Stipulation of Dismissal.

Plaintiffs wish to highlight for the Court that the agreement does not require the parties to dismiss the case until the affidavits of confession of judgment have been provided and Defendants pay the first $80,000 installment.

*The Settlement is Fair and Reasonable*

As the Court is aware, an examination of whether an agreement is fair and reasonable under *Cheeks* involves consideration of "(1) the plaintiff['s] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

The parties have agreed to settle for $320,000 which represents approximately 61% of the actual damages that Plaintiffs believe they could seek at trial (excluding liquidated damages and interest). If Defendants had prevailed in establishing that Plaintiffs worked only 42 and 45 hours per week, the Plaintiffs' potential recovery would be reduced to approximately $378,000 or

---

[1] Prior to the Settlement Conference, the Defendants had provided financial disclosures to Plaintiffs in the form of individual and corporate tax returns for the years 2020 – 2022.

$530,000 (depending on Defendants' eligibility for the tip credit), including liquidated damages and interest.

Plaintiffs' willingness to accept a smaller amount of money, and to accept it over a lengthy period of time, is motivated primarily by concerns about the Defendants' ability to pay a larger settlement or judgment.  This determination is based on the Defendants' confidential financial disclosures.  Defendants do not admit liability, but wish to avoid the time and expense of continued litigation, as well as avoid the risk of losing a judgment for a larger sum.  Both parties acknowledge that the significant factual disputes create risks on both sides if the litigation proceeds to a trial.

The settlement is the result of arm's-length bargaining, which the Court oversaw at the Settlement Conference.  The settlement amount as agreed upon by the parties is significant considering the inherent risks of litigation in this context where there are conflicting claims as to hours worked and no verifiable electronic timekeeping system for the majority or entirety of the claim period. The determination of whether a settlement amount is reasonable "does not involve the use of a mathematical equation yielding a particular sum." *Frank v. Eastman Kodak, Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (internal citations and quotations omitted).  Further, there has been no fraud or collusion, and all parties were represented in this process by counsel experienced in wage and hour litigation.

*Attorney's Fees and Costs*

Of the settlement amount, $20,000 will be paid to Plaintiffs' counsel, $699.71 to reimburse counsel for costs of the litigation, and $19,300.29 in attorneys' fees.

The costs in this case were reasonable and required for the case to go forward. Specifically, Plaintiff's counsel advanced a total of $699.71, broken down as follows: $402 (filing fee), $257.71 (service of process on all Defendants) and $40 (service of process of a subpoena on GrubHub).

The attorneys' fees of $19,300.29 are also fair and reasonable. Plaintiff agreed, upon retaining Plaintiff's counsel, that in any settlement "this firm's accumulated fee interests will be compensated to a reasonable extent using a lodestar method but in no event to exceed one-third of the total settlement amount." I have worked more than 51 hours on this matter. My most recently approved hourly rate in a FLSA case is $500 per hour. *See Valdes et al. v. North East Site Works, Inc. et al., 7:23-cv-01409-PMH (S.D.N.Y.) (ECF Dkt. 41); Luna Martinez et al v. K&P Facilities Maintenance Inc. et al.* 7:21-cv-09987-PMH (S.D.N.Y.)(ECF Dkt. 40), *Perez v. El Real Food Market, Corp. et al* 1:21-cv-03836-RER (E.D.N.Y.), *Barrios v. Qwik Logistics Group LLC et al*  2:22-cv-02296-SIL (ECF Dkt. 21), *Chavez v. East Hampton Fence & Gate, Inc. et al.* 2:21-cv-05775-AYS (E.D.N.Y.). My lodestar in this case is, therefore, at least $25,500 and I have agreed to reduce my fee recovery in order to facilitate resolution of this matter.    My co-counsel, David Colodny, recorded 49.9 hours of work on this matter and has agreed to reduce

Catholic Migration Services' fee recovery to $4,000.[2] <u>The total requested fees equal roughly 5.9% of the overall settlement amount</u>.

"[A]dequate compensation for attorneys who protect wage and hour rights furthers the remedial purpose of the FLSA' by attracting counsel to take on workers' cases." *Alvarez v. Sterling Portfolio Inv., LP*, No. 16-CV-5337, 2017 WL 8790990, at *5 (E.D.N.Y. Dec. 13, 2017) (*quoting Henry v. Little Mint, Inc.*, 12-CV-3996, 2014 WL 2199427, at *15 (S.D.N.Y. May 23, 2014)). Courts have held that a one-third contingency-fee award is "presumptively" enforceable, and such fees have often been found to be fair and reasonable in light of the FLSA's statutory purposes. *Angamarca v. Hud-Moe LLC*, No. 18-CV-1334, 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018).

For the reasons stated above, the parties respectfully request that the Court approve the attached settlement agreement. Thank you for your consideration.

                                  Respectfully submitted,

                                  <u>/s/ Robert McCreanor</u>

                                  Attorney for Plaintiffs

---

[2] Mr. Colodny has been an attorney for more than 28 years and specializes in wage and hour litigation.

4